IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERNEST THOMAS,

      Plaintiff,                               CV F 07 1605 AWI WMW PC

      vs.                                      ORDER DISMISSING COMPLAINT
                                                 WITH LEAVE TO
                                                 FILE AN AMENDED COMPLAINT

                                                 (THIRTY DAY DEADLINE)

JOHN DOE, et al.,

      Defendants.

      Plaintiff is a state prisoner proceeding prose in a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

      This action proceeds on the complaint. Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at Pleasant Valley State Prison, brings this civil rights action against defendant correctional officials employed by the CDCR at Pleasant Valley State Prison. Plaintiff names as defendants John Doe and Jane Doe.

      Plaintiff's claim in this complaint is that defendants negligently gave him a larger dose of medication than prescribed, resulting in serious injury to Plaintiff. Plaintiff specifically alleges that on October 19, 2006, he was negligently administered a large dose of Dilantin. As a result, Plaintiff suffered a seizure, and sustained injuries to his upper and lower extremties.

1     To warrant relief under the Civil Rights Act, a plaintiff must allege and show that
2   defendant's acts or omissions caused the deprivation of his constitutionally protected rights.
3   Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993).     In order to state a claim under § 1983, a
4   plaintiff must allege that: (1) a person was acting under color of state law at the time the
5   complained of act was committed; and (2) that person's conduct deprived plaintiff of rights,
6   privileges or immunities secured by the Constitution or laws of the United States.  Paratt
7   v.Taylor, 451 U.S. 527, 535 (1981).
8     Under the Eighth Amendment, the government has an obligation to provide medical care
9   to those who are incarcerated.  See Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000).  "In
10  order to violate the Eighth Amendment proscription against cruel and unusual punishment, there
11  must be a 'deliberate indifference to serious medical needs of prisoners.'"  Id.  (quoting Estelle v.
12  Gamble, 429 U.S. 97. 104 (1976)).  Lopez takes a two-prong approach to evaluating whether
13  medical care, or lack thereof, rises to the level of "deliberate indifference."  First, a court must
14  examine whether the plaintiff's medical needs were serious.  See Id.  Second, a court must
15  determine whether "officials intentionally interfered with [the plaintiff's] medical treatment."  Id.
16  at 1132.
17    Here, Plaintiff fails to allege facts indicating that the defendants knew of and disregarded
18  a serious risk to Plaintiff's health.  Plaintiff's allegations indicate, at most, negligence.  Mere
19  'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."
20  Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at
21  105-06.  "[A] complaint that a physician has been negligent in diagnosing or treating a medical
22  condition does not state a valid claim of medical mistreatment under the Eighth Amendment.
23  Medical malpractice does not become a constitutional violation merely because the victim is a
24  prisoner."  Estelle v. Gamble, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d
25  1310, 1316 (9th Cir. 1995); McGuckin v. Smith, 974 F.2d 1050, 1050 (9th Cir. 1992), overruled
26

on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).  A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Further, Plaintiff has named Doe defendants.  The court can not order service upon unidentified defendants.  Plaintiff must identify the individual defendants in order to effect service of process.

Because Plaintiff has failed to allege facts that state a claim for deliberate indifference, the complaint must be dismissed.  Plaintiff will, however, be granted leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently

alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file a first amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."  Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

**Dated:   April 11, 2008**                          /s/  William M. Wunderlich
                                            UNITED STATES MAGISTRATE JUDGE